SZANTO, APPELLANT PETER SZANTO APPEARING PRO SE, ROBINSTEIN FOR APPLELEE. Okay, good morning, Mr. Szanto. Do you want to reserve some time for rebuttal? Yeah, I'll just take two minutes at the front and the rest at the end. All right. Go ahead. All right. So, as the court likely knows, I've been in this bankruptcy for seven years. And there's no other point to this bankruptcy other than the trustee's thievery and looting of my bankruptcy estate. At every step, they generate more and more nonsense to get more and more of my money. This bankruptcy will only end when I die. There's nothing else going on here. So, the best I can do is small actions whenever I see an abuse, a very clear malfeasance, a complete mishandling of an issue of the trustee's duties. And this arose when this document was submitted to the court with the nonsense that a bank is holding. So, when you look at document 14-5, right away, you should be struck by the fact that the money isn't deposited even. The bank, some mysterious bank, independent financial bank, is holding. That does not mean deposited. So, who the hell knows what this money is doing? What do you think it means to hold money in a bank? What could that mean? It's in the safe deposit box. It's in the account of the trustee. Anything else other than it's in my bankruptcy estate, the correct word to use would be it is deposited. Independent financial bank is the depository for Santos Bankruptcy Estates. There are correct ways to say that, not the nonsense, misleading, deceptive, abusive ways that the trustees say the things they do here. All you have to do is read their reply and their sure reply to see what nonsense they engage in. Let me wrap this up real quick. Ultimately, the point of the trustees' efforts is to goad me into appeal so they can plug into making the big bucks from writing the nonsense appeals. And these papers that the trustees submitted in this instance are so meaningless. I certainly hope you are struck by a way in which somebody can spend 15, 20, 25 pages saying absolutely nothing. And the bottom line here is the initial request, had it been accompanied by a letter from the bank, that would have been the end of it. But instead, these trustees are so intent on abuse, thievery, and looting that they generate these nonsense issues to goad me into these appeals, to goad me into trying to save some semblance of reality as to what's going on in this case. So I'll reply when Ms. Stein is done. Thank you. Ms. Stein, please go ahead. Good morning, and may it please the Court, Robin Stein for the Chapter 7, Trustee Candace Ambour-Neapoli. Just very briefly, 11 U.S.C. Section 503A provides for the allowance of administrative expenses, and Oregon Local Bankruptcy Rule 2016-1 specifically addresses trustee expenses. That local bankruptcy rule specifically identifies bank fees and provides that if the administrative expenses are in the aggregate going to exceed $1,000, that the trustee should submit a request using Local Bankruptcy Form 759.5, which is the Motion and Notice of Intent, which is precisely what the trustee did here. After the trustee filed that, Mr. Santo objected based on an argument that the bank was not FDIC-insured and that the fee was excessive or phony or fake. At that point, the Bankruptcy Court ordered the trustee to submit a response, which the trustee did with three sworn declarations, and the Court then overruled the objection. Finding that the Court confirmed that the bank was FDIC-insured, noted that these bank fees are customary, determined that the fee was reasonable in amount, and that waiver of those fees that had been happening, the discretionary waiver, was no longer feasible. So even taking into account in this case, if there are no standing or preservation issues, which the trustee doesn't concede, we recognize the fact that Mr. Santo has a deep distrust of the trustee and of the Bankruptcy Court and also of the Trustees Council. And that does not, however, result in a heightened evidentiary requirement for the trustee, and it was not a clear error. There were not clearly erroneous findings of fact based on the evidence that was submitted by the trustee in support of the Motion and Notice of Intent here, and so we would just ask for the Bankruptcy Court to be affirmed. So unless there are additional questions for me, I'll rest on the briefs. Any questions? Okay, very good. Thank you very much. Mr. Santo, back to you for 11 and a half minutes. So you see the deception. Why did she not raise the issue that this bank is out of state, it is out of the circuit? Are those not significant issues? By not addressing the ultimate fact of where is this bank, who controls this bank? You jump over, you evade the issue that the Bankruptcy Court does not have control over this money. What type of bankruptcy is this where even the Bankruptcy Court doesn't have control over the bankruptcy estate? Now, the trustee has ferreted the money outside of the district, outside of the circuit. Who has control over it? If the Bankruptcy Court issued an order to the trustee and said, well, you know, bring back the money into the district, she's under no obligation. The money is outside the district. It's under her exclusive control. There is no monitoring of the money going on. And this goes to the heart of the nonsense that I've been suffering for six years. What is going on here? Why are these people abusing Title 11 to steal my money? Now, additionally, on top of that, the issue that you did not hear Ms. Stein address is by having the money in a state where the trustee, Ms. Amborn, is not licensed to practice law. She is practicing law without a license. And I'm hoping that this panel will have the guts to refer it to the Attorney General of whatever state this bank is in. So here we are, almost a year down the road from when they filed this document. And we still don't know whether we're dealing with a bank in Colorado or a bank in Texas. Where is this money? How can the Bankruptcy Court let things go so far that it doesn't even know what state the money is in? How can the Bankruptcy Court allow a trustee to practice law without a license? That is a felony. How is it possible to allow a trustee to handle $8 million in the process of committing the felony of practicing law without a license? How do these things happen? And why does this panel not take Federal Rule of Appellate Procedure Rule 21 and issue some sort of writ to mandate or to prohibit this abusive set of actions? This is only the tip of the iceberg of what I have had to deal with in six years. I don't know if the panel knows it, but the trustee and the attorneys working for the trustees are the persons responsible for the death of my wife. I don't know if you know it, but the trustees brought a moving truck to my home, took all of my wife's antiques. This caused her grave, intentional, emotional distress. It eventually caused her to die. These are the important things. I mean, at what point is this panel able to disconnect itself from the reality that there's already been one death, one murder in this bankruptcy? There's already been the looting of $8 million, and there is no end in sight for how long I will have to suffer in this bankruptcy. I mean, I'm baffled as to what's going on here. What does Title 11 mean? Does it have any meaning, or is it just an opportunity for trustees to make out like bandits by their thieving and looting? Ultimately, here is the point that really strikes me. I have done tremendous amount of reading on the subject of trustees. There is not one case from the time that the Constitution enabled bankruptcies until now where trustees were commended for their action, where trustees were lauded for doing something else. As far as I can tell, 100% of the time, a bankruptcy results in trustees being able to loot, thieve, and murder with impunity. I think that's a disgrace. I think it's an absolute disgrace, and here's an opportunity for the panel to put a stop to it. Excuse me for getting agitated. Okay. Are you concluded? Well, I'm hoping that you have some queries. I'm hoping that you have some input. I don't think we have any questions right now. We'll certainly take your arguments under consideration and render a decision promptly. Well, I mean, let me continue. Let me continue. Again, I hope I've been clear about this issue about the difference between holding money and a bank being a depository. These are very, very different terms. Additionally, let's go to the issue of deprivation of civil rights, and what I mean by that is the… I'm going to stop you on that because I don't think that's mentioned at all in your briefing in this appeal. I believe it is, Your Honor, and let me explain, if I might. All right. All right, so I'm looking at the document 14-10, which is Jonathan Perez's declaration. This declaration is pure nonsense. It simply does not… Okay, number one, as a matter of law, this declaration fails because the declarant does not aver where they are. Then, rather than a locale where this declarant is, it just rattles off all the facts on the trustee's letterhead that the trustees want to demonstrate as being part of their magnificent line. Until Ms. Stein just mentioned it, that it was accompanied by three declarations. Again, the gall and the deception. The other two declarations were her own declaration, which in her declaration, it's in the 14 series, was merely a declaration that attached the trustees, the Department of Justice trustees' handbook, and her declaration was merely that I read the handbook. That was the intent of her declaration, and now she wants to use that to support the fact that she and the trustee can maintain money out of state, out of the district. The third declaration was Ms. Amborn's declaration. Again, what nonsense, what gall, not even mentioning where this bank is. Where is the bank where the bankruptcy estate money is? Why is the trustee allowed to deceive, prevaricate, and allude as to why the money is no longer under the bankruptcy court's control? That's the substance of the argument I'm trying to make here, Your Honors. I'm going to ask you a question. Yes, ma'am. Your position is that notwithstanding that the bankruptcy code says that the bankruptcy court has jurisdiction of all property, wherever located, that it doesn't have jurisdiction in money because the bank, in terms of its electronic ledgers, is physically located out of state? What I'm saying, Your Honor, operates on two levels. The first level is the rules and the decided cases are extremely clear. Ms. Amborn cannot act as a trustee in a state where she is not licensed to practice law. So, immediately… A trustee doesn't have to be a lawyer. I think that's wrong. Exactly. A trustee doesn't have to be a lawyer. Well, I believe it's cited. I'm sure it's cited in my brief. I'm sure it's cited in my brief. Well, again, then I would suggest that Your Honors order additional briefing on that. Because the statutes that I found were that to handle for a trustee to operate in bankruptcy, they must be licensed to practice law. I've never heard of that. I mean… I've never heard of that rule. So, are you saying that if there's a bankruptcy trustee and the debtor has property in another state, the trustee can't go get that property? Say it again? There's a bankruptcy estate. A Chapter 7 trustee is appointed. The debtor has property in the state where the bankruptcy is filed, but also in another neighboring state. The trustee cannot go get that property. Is that what you're saying? Again, I'm dealing here with the abuse of the banking laws as I see it. Okay? And so what I'm reacting to is money acting as a fiduciary, acting in regard of money only. It's possible that you are correct in regard of property, physical assets of one type or another initially when they're seized from a debtor. Okay? We're talking about a situation six years down the road. Six years of abuse and who knows what the trustee is doing. Okay? And so this is what I'm reacting to. Again, I presented the citation regarding the requirement to be an attorney to handle the money of others. If I'm wrong on that instance and the citation is wrong, I'm happy to research it and brief it additionally, Your Honors. All right. I think your time is about nearly exhausted. Now it's exhausted. So that will conclude the oral argument. The matter is submitted. Thank you very much. Thank you. And court is in recess. Thank you.
judges: FARIS, TAYLOR, BRAND